UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY WILLIAMS, | § | |
| TDCJ # 00828343, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-18-4381 |
| | § | |
| GARY ALLEN UDASHEN, | § | |
| | § | |
| Defendant. | | |

## ORDER OF DISMISSAL WITHOUT PREJUDICE FOR LACK OF JURISDICTION

Plaintiff Roy Williams (TDCJ # 00828343) is currently in the custody of the Texas Department of Criminal Justice ("TDCJ"). Williams alleges that attorney Gary Allen Udashen ("Udashen"), his attorney for post-conviction habeas corpus proceedings, did not review copies of his criminal trial transcript as he promised and states that this was a violation of the Deceptive Trade Practices Act. [Doc. No. 1]. At the Court's request, Williams filed a More Definite Statement, clarifying that he intended to sue Udashen in federal court for violations of the Texas Deceptive Trade Practices Act. [Doc. No. 6]. Williams also states that Udashen resides in Texas. [*Id.* at 1]. The Court concludes that this case must be dismissed without prejudice for lack of subject matter jurisdiction.

## I.    Subject Matter Jurisdiction

Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, the jurisdiction of federal courts is limited only to cases or controversies that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)

(citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180 (1803)); *Scarlott v. Nissan North Amer., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) ("Federal courts are courts of limited jurisdiction 'hav[ing] only the authority endowed by the Constitution and that conferred by Congress.'") (quotation omitted). Because of the limits on federal judicial power, district courts have a duty to evaluate subject matter jurisdiction — even if the parties do not raise this issue — before reaching the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) ("Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims.") (citations omitted). If a district court determines at any time that it lacks subject matter jurisdiction, it "must dismiss the action." FED. R. CIV. P. 12(h)(3).

Generally, a federal district court has the authority to hear two types of cases: (1) cases in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32. Assuming that all of Williams's allegations are true, his case falls into neither category.

## II. <u>Discussion</u>

To the extent that Williams brings this case under 42 U.S.C. § 1983, he must plead facts to show that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise

chargeable to the State." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982); *see also Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990) (citing *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1998)). The defendant in this case—a private attorney—is a private actor, not a state actor. Williams pleads no facts to show that Udashen is a state actor or that any of his conduct is otherwise chargeable to the state. Accordingly, because Williams's pleadings do not implicate any state action, his allegations against Udashen fail to state a claim under section 1983 as a matter of law. Williams does not cite any other basis for federal jurisdiction and does not allege any facts to show that this matter implicates any federal right. Therefore, Williams fails to show that this Court has federal question jurisdiction for purposes of 28 U.S.C. § 1331.

Further, Williams does not allege facts to show that diversity of citizenship exists here. According to Williams, Udashen resides in Texas. [Doc. No. 6 at 1]. Because neither federal question nor diversity jurisdiction exists here, the case must be dismissed without prejudice for lack of jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

## III.    <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** that Plaintiff Roy Williams's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Clerk of Court will send a copy of this Order to the parties.

SIGNED at Houston, Texas, this ____30th____ day of January, 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE